IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STANLEY C. WARNER,

    Plaintiff,

v.                                 Civil Action No. 1:04CV8
                                       (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**ORDER ACCEPTING AND AFFIRMING PROPOSED FINDINGS OF FACT
AND RECOMMENDATION FOR DISPOSITION OF MAGISTRATE JUDGE**

I.  Background

Plaintiff, Stanley C. Warner, filed a complaint in this Court on January 28, 2004 seeking judicial review of an adverse decision by defendant, Commissioner of Social Security Administration, pursuant to 42 U.S. C. § 405(g).[1] This matter was immediately referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to Amended Standing Order No. 2, Misc. No. 5:00MC11 (N.D. W. Va. Oct. 30, 2001). On February 4, 2005, Magistrate Judge Kaull entered a report recommending that the plaintiff's motion for summary judgment and motion for remand be denied, and that the Commissioner's motion for summary judgment be granted. The plaintiff filed objections. This Court entered a

---

[1] Plaintiff filed a complaint for disability benefits, which claim was denied by the Commissioner.

memorandum opinion and order adopting in part the magistrate judge's report and recommendation and remanding this action to the Social Security Administration for further proceedings.

On April 27, 2005, the plaintiff filed an application for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). This Court referred the matter to Magistrate Judge James E. Seibert pursuant to 28 U.S.C. §§ 636(b)(1) and (3), authorizing him to consider the record to do all things proper to recommend his position of plaintiff's motion for an award of attorneys' fees. After a hearing on this matter, the magistrate judge entered an order on June 6, 2005, finding that the defendant's position was not substantially justified and granting attorneys' fees. On June 7, 2005, the magistrate judge entered an order vacating the previous order and entering a recommendation that attorneys' fees be granted.

The magistrate judge informed the parties that if they objected to any portion of order, they must file written objections within ten days after being served with a copy of his order. The time for objections has passed and neither party has filed any objection.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, the magistrate

judge's findings will be upheld unless they are found to be "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Applicable Law

Title 28, United States Code, Section 2412(d)(1)(A) provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The enactment of the EAJA resulted from a concern "that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by threatening them with costly litigation . . . ." Pierce v. Underwood, 487 U.S. 552, 575 (1988)(Brennan, J., concurring). In the Fourth Circuit, a plaintiff is eligible for an award of fees under the EAJA when: (1) the plaintiff is the prevailing party in the underlying action; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) a motion for an award of fees is submitted to the court within 30 days of final judgment. See Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

3

The Fourth Circuit Court of Appeals has held that it is the government's burden to prove that its position in the underlying litigation was substantially justified. See id. (citing Lively v. Bowen, 858 F.2d 177, 180 (4th Cir. 1988)). The government's position is substantially justified when it is "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The United States Supreme Court held that this definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by . . . the vast majority of . . . Courts of Appeals that have addressed this issue." Id. Pursuant to 28 U.S.C. § 2412(2)(A), a statutory cap is placed on an award of attorneys' fees in the amount of $125.00 per hour.

In social security cases, judicial review by a district court involves review of the administrative record and cross motions for summary judgment. See Smith v. Heckler, 739 F.2d 144, 147 (4th Cir. 1984).

> Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States Attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorneys' fees. Moreover, entry of summary judgment for the claimant raises no presumption that the government's position was not substantially justified.

Id. (citing Tyler Bus. Serv., Inc. v. Nat'l Labor Relations Bd., 695 F.2d 73, 75 (4th Cir. 1982)).

4

III. Discussion

Plaintiff easily satisfies three elements required to prevail on a petition for attorneys' fees. First, as the magistrate judge noted, plaintiff is a prevailing party in the underlying action in that he attained a remand from this Court. Thus, plaintiff has succeeded on a significant issue in the litigation which achieved some of the benefits plaintiff sought in bringing suit. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Second, plaintiff's motion for fees was timely filed. Third, neither party presented issues of special circumstances, and therefore, this Court finds that there are no special circumstances present that would make the award of attorneys' fees unjust.

A. No Substantial Justification

This Court must now determine whether the government's position was substantially justified or whether special circumstances would make an award in this case unjust. See Crawford, 935 F.2d at 656. After a clearly erroneous review, this Court agrees with the magistrate judge that the Commissioner's position was not substantially justified in that it lacked a reasonable basis in both law and fact.

This Court agrees with the magistrate judge' that ample evidence existed in the record to support further consideration by the Administrative Law Judge of the plaintiff's injuries pursuant to Listings 1.04 and 14.09. The record supports a finding that the

5

plaintiff suffered from arthritis in his knee and had difficulty ambulating effectively. Accordingly, the Administrative Law Judge was required to analyze the plaintiff's injury, and explain why such injury did not meet or equal the relevant listings. See Ketcher v. Apfel, 68 F. Supp. 629, 645 (D.C. Md. 1999); Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986).

## IV. Conclusion

For the reasons stated above, this Court finds that the government's position was not substantially justified and, therefore, the plaintiff's motion for attorneys' fees is GRANTED. Accordingly, this Court hereby ACCEPTS AND ADOPTS the magistrate judge's order granting attorneys' fees under the Equal Access to Justice Act.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 5, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE